1  John D. Tennert, III, NV Bar No. 11728
   Austin W. Slaughter, NV Bar No. 15645
2  **FENNEMORE CRAIG, P.C.**
   7800 Rancharrah Parkway
3  Reno, NV  89511
   Telephone:    (775) 788-2200
4  Facsimile:     (775) 788-2279
   jtennert@fennemorelaw.com
5  aslaughter@fennemorelaw.com

6  *Attorneys for All Americas International, Inc.*

7                   **UNITED STATES DISTRICT COURT**

8                        **DISTRICT OF NEVADA**

9  ABORNES INTERNATIONAL, INC.,          | CASE NO. 3:24-cv-00100-ART-CSD

10              Plaintiff,

11 vs.

12 ALL AMERICAS INTERNATIONAL, INC.,      | **STIPULATION AND ORDER TO**
                                          | **EXTEND DISCOVERY DEADLINES**
13              Defendant.                | **(SIXTH REQUEST)**

14

15         Plaintiff Abornes International Inc. ("Plaintiff") and Defendant All Americas International,

16 Inc. ("Defendant") by and through their undersigned counsel of record stipulate to extend the

17 deadlines in the scheduling order pursuant to LR 26-3 with the Court's approval.  This is the

18 parties' sixth request in this litigation to extend said deadlines.  The current scheduling order is on

19 file herein as ECF No. 58.  Based on outstanding discussions regarding discovery and scheduling

20 logistics for purposes of depositions, the parties respectfully request the Court to grant the

21 requested extension.

22 **I.     Good cause exists to extend the existing discovery deadlines by sixty days.**

23         The Court has broad discretion in supervising the pretrial phase of litigation, which

24 includes modifying its scheduling orders.  *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080,

25 1087 (9th Cir. 2002).   In order for the Court to grant a motion or stipulation to modify a

26 scheduling order, and extend the unexpired deadlines provided therein, the motion or stipulation

27 must be supported by good cause, and it must satisfy the requirements of LR IA 6-1.  Fed. R. Civ.

28 P. 16(b)(4); Local Rule 26-3.  The good cause analysis depends on whether the subject deadlines

cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 90-15975, 1992 WL 220247 (9th Cir. 1992) (citing Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment)). Additionally, a motion or stipulation to extend discovery deadlines must include: (a) a statement specifying the discovery completed; (b) a specific description of the discovery that remains to be completed; (c) the reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and (d) a proposed schedule for completing all remaining discovery. Local Rule 26-3(a)-(d).

A.    *Brief procedural history*

This case was initiated by Plaintiff on February 28, 2024, and Defendant filed its answer on April 30, 2024. The parties have exchanged initial disclosures, and Plaintiff served its first set of written discovery requests on June 10, 2024. Plaintiff also served supplemental requests, to which Defendant responded on January 6, 2025.

On April 18, 2025, Defendant noticed the deposition of Abornes' FRCP Rule 30(b)(6) designee for May 8, 2025, but the deposition was rescheduled due to Plaintiff and Plaintiff's counsel's unavailability. On June 5, 2025, Defendant served a deposition notice for Abornes' director, Ingrid Vanessa Sucre, setting the deposition for June 27, 2025. Subsequently, on June 13, 2025, Defendant served an amended Rule 30(b)(6) notice setting Abornes' deposition for June 30, 2025. However, Plaintiff's counsel advised that he would be in trial in London from late June through the July 14 discovery deadline, and the parties agreed to reset both Ms. Sucre's and Abornes' Rule 30(b)(6) depositions to mutually available dates. These depositions were noticed for August 13 and 14, 2025, and subsequently re-noticed for September 26 and 29, 2025.

In addition, Plaintiff has requested the deposition of Defendant's current Director, John Forsyth, and seeks to reopen the deposition of AAI's Rule 30(b)(6) witness, subject to the parties' agreement.

The parties met and conferred on September 17, 2025 and September 22, 2025 to address scheduling and negotiate dates for these remaining depositions.

Due to Defendant's request to take the deposition of Ms. Sucre—a Panamanian national who requires a visa to travel to the United States for an in-person deposition—and Plaintiff's

notice of its intent to reopen the deposition of AAI's Rule 30(b)(6) witness, John Cronin, as well as to proceed with the deposition of Defendant's Director, John Forsyth, the parties—though initially optimistic about completing all depositions before the end of September—now believe that scheduling these remaining depositions may extend into November. Accordingly, the parties respectfully request that discovery remain open for the limited purpose to complete the deposition process.

All parties agree that extending the deadlines in the Scheduling Order, as described herein, is appropriate and should be approved.

B.    *Discovery completed*

Good cause exists to modify the existing scheduling order and extend the discovery deadlines by sixty days.  As a preliminary matter, to date, all parties have engaged in multiple rounds of written discovery in the form of written interrogatories and requests for production of documents.  All parties have likewise received written responses to those requests and each side has produced several tens of thousands of documents. Specifically, the parties have completed the following:

**1.    Discovery Completed by Plaintiff**

| Date | Description | Response |
|------|-------------|----------|
| May 28, 2024 | Plaintiff's Fed. R. Civ. P. 26(a)(1) Initial Disclosures | N/A |
| June 10, 2024 | Plaintiff's First Set of Interrogatories to Defendant | July 13, 2024 |
| June 10, 2024 | Plaintiff's First Set of Requests for Production of Documents | July 13, 2024 |
| December 6, 2024 | Plaintiff's Second Set of Requests for Production of Documents | January 6, 2025 |
| December 6, 2024 | Plaintiff's Second Set of Interrogatories to Defendant | January 6, 2025 |
| June 24, 2025 | Plaintiff's Requests for Admission | July 24, 2025 |

/ / /

/ / /

/ / /

/ / /

### 2.    Discovery Completed by Defendant

| Date | Description | Response |
|---|---|---|
| May 30, 2024 | Defendants' Fed. R. Civ. P. 26(a)(1) Initial Disclosures | N/A |
| September 20, 2024 | Defendant's First Set of Interrogatories to Plaintiff | October 24, 2024 |
| September 20, 2024 | Defendant's First Set of Requests for Production of Documents | October 24, 2024 |
| June 13, 2025 | Defendant's Second Set of Requests for Production of Documents | July 13, 2025 |
| June 13, 2025 | Defendant's Second Set of Interrogatories to Plaintiff | July 13, 2025 |
| June 13, 2025 | Defendant's Requests for Admission | July 13, 2025 |

C.    *Depositions.*

Plaintiff deposed Defendant's Rule 30(b)(6) representative, John Cronin, on February 10, 2025. The parties are currently meeting and conferring regarding the scope, topics, and terms for the continuation of Mr. Cronin's Rule 30(b)(6) deposition. They are working to schedule the continued deposition during October or November. The parties are also coordinating to determine the availability of Ingrid Vanessa Sucre, a Director of Abornes and designated Rule 30(b)(6) representative, for deposition, including the possibility of having this deposition over Zoom In addition, the parties are continuing to meet and confer regarding the deposition of Defendant's Director, John Forsyth.

D.    *Discovery that remains to be completed.*

As noted above, a brief extension is requested due to the parties' unavailability to conduct the noticed depositions within the current discovery period. The scheduling conflicts and ongoing discussions about the scope and terms of the depositions have necessitated the extension.

E.    *Reasons why the Remaining Deadlines Should be Moved Approximately Sixty (45) Days.*

Under LR 26-3, motions or stipulations to extend discovery must be filed at least 21 days before the applicable deadline. The current discovery deadline is Septembre 29, 2025, and this

request is being made within the 21-day window. The delay is due to the parties' ongoing, good faith efforts to coordinate mutually agreeable dates and locations for the remaining depositions and the possibility of having the remaining depositions over Zoom. These include Plaintiff's Rule 30(b)(6) deposition, the deposition of Ms. Sucre (a Panamanian national), and a continued deposition of Defendant's Rule 30(b)(6) representative, John Cronin, based on documents produced after his initial deposition that Plaintiff believes are relevant to a complete examination.    The parties also continue to meet and confer regarding the deposition of Defendant's Director, John Forsyth.

This request is made jointly and in good faith, and not for purposes of delay. A trial date has not been set. The requested extension is limited to 60 days and is not expected to prejudice either party. The extension is sought solely to allow the parties adequate time to complete necessary depositions.

This is the sixth extension request. However, each request has been related to the same ongoing discovery issues, which the parties are working to resolve cooperatively and without further Court involvement. The parties believe the reasons outlined above constitute good cause for the requested extension.

    *F.*    *Proposed New Schedule:*

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Close of Discovery | September 29, 2025 | December 1, 2025 |

1    **IT IS SO STIPULATED.**

2    Dated this 25th day of  September, 2025.          Dated this 25th  day of September 2025.

3    **FENNEMORE CRAIG, P.C.**                        **HOLLAND & KNIGHT LLP**

4    By: */s/ John D. Tennert*                        By: */s/ James H. Power*

5
6    John D. Tennert (Nev. Bar No. 11728)             James H. Power (pro hac vice)
     Austin W. Slaughter (Nev. Bar No. 15645)         Anjuli B. Woods (Nev. Bar No. 10989)
     Rancharrah Parkway                               HOLLAND & KNIGHT LLP 787
7    Reno, NV 89511                                   Seventh Avenue
     jtennert@fennemorelaw.com                        New York, New York, 10019
8    aslaughter@fennemorelaw.com                      James.power@hklaw.com
                                                      Anjuli.woods@hklaw.com
9    *Attorneys for Defendant, All Americas Inc.*

10                                                    Ryan J. Works, Esq. (Nev. Bar No. 9224)
                                                      Phillip M. Mannelly, Esq. (Nev. Bar No. 14236)
11                                                    100 W. Liberty Street, Tenth Floor
                                                      Reno, Nevada 89501
12                                                    rworks@mcdonaldcarno.com
                                                      pmannelly@mcdonaldcarano.com
13
14                                                    *Attorneys for Plaintiff Abornes*

15
16                                                    **IT IS SO ORDERED.**

17
18                                                    _____

19                                                    UNITED STATES MAGISTRATE JUDGE

20                                                    DATED: September 26, 2025

21
22
23
24
25
26
27
28