UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ABORNES INTERNATIONAL, INC.,<br>Plaintiff,<br>v.<br>ALL AMERICAS INTERNATIONAL, INC.,<br>Defendant. | Case No. 3:24-cv-00100-ART-CSD<br>ORDER ON MOTION TO SEAL (ECF No. 89) |

Before the Court is Plaintiff Abornes International Inc.'s motion to file Exhibits B, C, F, H, I, J, K, M, and P attached to its Motion for Summary Judgment under seal. (ECF No. 89.) The motion is unopposed by Defendant. (ECF No. 90.) For the reasons stated, the Court GRANTS Defendant's motion.

**I. Legal Standard**

There is a strong presumption in favor of public access to judicial filings and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). "[T]he strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments." *Kamakana*, 447 at 1179 (9th Cir. 2006). A party seeking to overcome this presumption with regards to a dispositive pleading or attachment thereto must "'articulate[ ] compelling reasons supported by factual findings' … that outweigh the general history of access and the public policies favoring disclosure, such as the 'public interest in understanding the judicial process.'" *Id.* at 1178-79 (quotations omitted). "'[C]ompelling' reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,'" *Kamakana*, 447 F.3d at 1179

(citations omitted). Even if it may be appropriate to seal a document in its entirety, a party should still redact records whenever possible. *See Kamakana*, 447 F.3d at 1183 (noting a preference for redactions so long as they "have the virtue of being limited and clear"); *Murphy v. Kavo Am. Corp.*, No. 11-cv-00410, 2012 WL 1497489 at *2-3 (N.D. Cal. Apr. 27, 2012) (denying motion to seal exhibits but directing parties to redact confidential information).

**II. Analysis**

Plaintiff argues that because the parties during discovery stipulated to information that would be appropriate for "attorney's eyes only," it asks the Court seal those exhibits "out of an abundance of caution" per the parties' agreement. (ECF No. 89 at 2.) Defendant adds that the exhibits contain "sensitive Bank of America records, tax records, shareholder and board records, and non-public internal corporate and financial records concerning All Americas' business operations, finances, banking activity, ownership, and internal governance. (ECF No. 89 at 2.) It argues that public disclosure of the records could cause commercial and privacy harm. (*Id.*) Defendants also offer to furnish redacted versions of the relevant bank records and corporate meeting minutes that disclose only those portions reflecting the information at issue in the Motion for Summary Judgment. (*Id.* at 3 n. 1.)

Exhibit B consists of meeting minutes from the Board of Directors of All Americas International, Inc., which includes references to payments not at issue in the Motion for Summary Judgment and discussions concerning tax liabilities related to payments under alleged promissory notes with Motril. (ECF No. 90 at 3.) Defendant argues that public disclosure would "unnecessarily reveal confidential internal deliberations, financial matters, and tax-related corporate discussions." (*Id.*)

Exhibit C is the written consent of All Americas International, Inc. shareholders and meeting minutes from the Board of Directors and Exhibit I

consists of the minutes from a 2019 All Americas International Inc.'s annual shareholder's meeting. Defendant argues that not sealing these documents would expose internal corporate governance, shareholder action, and financial matters that are not publicly available. (*Id.* at 4.)

Exhibit F, K, and M are All Americas International, Inc.'s bank records from December 2018, March 2019, and January and February 2022, respectively. Defendants argue failure to seal will reveal private banking activity, transaction history, account-related information, and attorney-payment information that could be misused by the public and is not necessary to adjudicate the Motion for Summary Judgment. (*Id.*)

Exhibit H and J are All Americas International Inc.'s tax returns from 2018, and Exhibit P are its tax returns from 2019, 2020, 2021, 2022, and 2023. Defendants argue that it would expose non-public information regarding the company's financial condition and operations. (*Id.* at 4-5.)

District courts in the Ninth Circuit have found that there are compelling reasons to seal proprietary business information, see *Selling Source, LLC v. Red River Ventures, LLC*, No. 2:09-CV-01491-JCM, 2011 WL 1630338, at *6 (D. Nev. Apr. 29, 2011), tax returns, *see Henning v. Arya*, 2023 WL 6392747, at *7 (D. Nev. Sept. 30, 2023), and bank account information, *see McCurley v. Royal Seas Cruises, Inc.*, 2023 WL 12263563, at *2 (S.D. Cal. Aug. 18, 2023).

As such, the Court will order Defendants to file unsealed redacted versions of the named exhibits that disclose those portions of the record that are directly at issue in the Motion for Summary Judgment, and order the Clerk to seal Exhibits B, C, F, H, I, J, K, M, and P of the Motion for Summary Judgment. (ECF No. 87.)

## III. Conclusion

It is therefore ordered that Plaintiff's motion to file Exhibits B, C, F, H, I, J, K, M, and P of the Motion for Summary Judgment under seal (ECF No. 89) is

GRANTED.

It is further ordered the Defendants file redacted versions of Exhibits B, C, F, H, I, J, K, M, and P on the record.

It is kindly ordered that the Clerk of the Court shall SEAL the named exhibits.

Dated this 2nd day of October, 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE